UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| LOUISE M. JORDAN, | **DECISION AND ORDER** |
| Plaintiff, | |
| v. | 1:17-CV-00509(JJM) |
| NANCY A. BERRYHILL,<br>ACTING COMMISSIONER OF THE<br>SOCIAL SECURITY ADMINISTRATION | |
| Defendant.[1] | |

---

This is an action brought pursuant to 42 U.S.C. §405(g) to review the final determination of defendant Nancy A. Berryhill, the Acting Commissioner of Social Security, that plaintiff was not entitled to Disability Insurance Benefits ("DIB"). Before the court are the parties' cross-motions for judgment on the pleadings [18, 21],[2] which the parties have consented to be addressed by me [16]. Having reviewed the parties' submissions [18, 21, 22], plaintiff's motion is granted and the Acting Commissioner's motion is denied.

## BACKGROUND

In May of 2013 plaintiff, who was 49 years old, filed an application for DIB, alleging a disability onset date of October 25, 2012, due to fibromyalgia, diabetes, anxiety, depression, and a spinal impairment. Administrative record [9], pp. 169, 209.

---

[1] Since Nancy A. Berryhill is now the Acting Commissioner of Social Security, she is substituted for Carolyn W. Colvin as the defendant in this action pursuant to Fed. R. Civ. P. 25(d). *See* Quintana v. Berryhill, 2017 WL 491657, *7 n. 1 (W.D.N.Y. 2017).

[2] Bracketed references are to the CM/ECF docket entries. Unless otherwise indicated, page references are to numbers reflected on the documents themselves rather than to the CM/ECF pagination.

After plaintiff's claims were initially denied (id., pp. 112-114), an administrative hearing was held on July 16, 2015 before Administrative Law Judge ("ALJ") Sharon Seeley, at which plaintiff, who was represented by counsel, and a vocational expert testified. Id., pp. 56-95. ALJ Seeley determined that plaintiff's severe impairments included degenerative disc disease, left non-dominant shoulder impingement status post-surgery and diabetes mellitus (id., p. 34), and assessed plaintiff with the residual functional capacity ("RFC") to perform "less than [the] full range of sedentary work". Id., p. 39. Specifically, ALJ Seeley determined that plaintiff had the ability to "lift and carry and push and pull 10 pounds occasionally, and light items . . . frequently, but . . . no pushing or pulling overhead", "sit for six hours in and eight-hour workday and stand and/or walk for six hours in an eight hour workday, but must be able to alternate after one hour sitting to standing for five minutes and alternate after one hour standing to sitting for five minutes", "walk no more than 20 minutes continuously and must be able to use a cane when walking", "frequently handle and finger and occasionally reach overhead with the bilateral upper extremities", "occasionally balance, stoop, kneel, crouch, crawl, and climb ramps or stairs but never climb ladders, ropes or scaffolds", and "work in an environment with nor exposure to hazards such as unprotected heights or moving machinery". Id., p. 39.

ALJ Seeley determined that plaintiff's subjective limitations were "not credible to the extent they are inconsistent with the [RFC]". Id., p. 40. In reaching her assessment of plaintiff's RFC, ALJ Seeley gave significant weight to the July 29, 2013 function report of plaintiff's chiropractor, Joseph Biasillo, and to the August 9, 2013 consultative report of Donna Miller, D.O., but noted that plaintiff's "physical condition worsened since [the time of those reports], although not to the full extent alleged". Id., pp. 43-44. In June 2015, plaintiff's physical therapist, Tara Gawal, assessed her with the ability to walk 20 minutes with or without a

cane, and to stand for 10 minutes. Id., p. 44. Although ALJ Seeley acknowledged that Ms. Gawal was not an acceptable medical source, she gave her opinion "some weight as an indication that while [plaintiff] may have experienced a period of several months of greater limitations, her condition improved again with treatment and allowed for limited standing and walking". Id. Therefore, she "included a sit stand option in the [RFC], though not quite as limited as [plaintiff's] physical therapist suggested". Id.

Based on her RFC and the vocational expert's testimony, ALJ Seeley concluded that plaintiff was capable of performing her past relevant work as a medical secretary, and therefore was not disabled from the alleged onset date through the date of his decision. Id., pp. 44-46. The Appeals Council denied plaintiff's request for review (id., pp. 1-4), and thereafter plaintiff commenced this action.

## ANALYSIS

**A.     Standard of Review**

"A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by 'substantial evidence' or if the decision is based on legal error." Shaw v. Chater, 221 F.3d 126, 131 (2d Cir. 2000) (*quoting* 42 U.S.C. §405(g)). Substantial evidence is that which a "reasonable mind might accept as adequate to support a conclusion". Consolidated Edison Co. of New York. Inc. v. NLRB, 305 U.S. 197, 229 (1938).

It is well settled that an adjudicator determining a claim for Social Security benefits employs a five-step sequential process. Shaw, 221 F.3d at 132; 20 C.F.R. §§404.1520,

416.920. The plaintiff bears the burden with respect to steps one through four, while the Acting Commissioner has the burden at step five. Talavera v. Astrue, 697 F.3d 145, 151 (2d. Cir. 2012).

**B.      Was the RFC the Product of ALJ Seeley's Impermissible Lay Opinion?**

Relying on the fact that ALJ Seeley afforded significant weight to the opinions of Drs. Biasillo and Miller, but acknowledged that they did not account for plaintiff's worsening condition, plaintiff argues that ALJ Seeley erred by using her own lay judgment to assess her RFC. Plaintiff's Memorandum of Law [18-1], pp. 11-12. In response, the Acting Commissioner argues that ALJ Seeley "properly exercised her discretion to resolve the evidentiary conflicts and assess an RFC for the period in question that was well-supported by substantial evidence". Acting Commissioner's Brief [21-1], p. 29.

Here, ALJ Seeley afforded significant weight to the opinions of Drs. Biasillo and Miller, but acknowledged that plaintiff's "physical condition has worsened since 2013, although not to the full extent alleged". [9], p. 44. To account for plaintiff's worsening condition, she included "additional limitations" not indicated by Drs. Biasillo and Miller in the RFC. Id. By recognizing (and attempting to account for) the subsequent deterioration in plaintiff's condition, ALJ Seeley treated the opinions of Drs. Biasillo and Miller as stale. However, such opinions do "not constitute substantial evidence to support an ALJ's findings". Majdandzic v. Commissioner of Social Security, 2018 WL 5112273, *3 (W.D.N.Y. 2018).

The RFC need "not perfectly correspond with any of the opinions of medical sources cited in his decision". Matta v. Astrue, 508 Fed. App'x 53, 56 (2d Cir. 2013) (Summary Order). An ALJ is "entitled to weigh all of the evidence available to make an RFC finding that was consistent with the record as a whole". Id. However, in the absence of a competent medical opinion, an ALJ is generally "not qualified to assess a claimant's RFC on the basis of bare

medical findings . . . . Thus, even though the Commissioner is empowered to make the RFC determination, where the medical findings in the record merely diagnose the claimant's exertional impairments and do not relate those diagnoses to specific residual functional capabilities, the general rule is that the Commissioner may not make the connection himself." Perkins v. Berryhill, 2018 WL 3372964, *3 (W.D.N.Y. 2018). *See* Goble v. Colvin, 2016 WL 3179901, *6 (W.D.N.Y. 2016) ("the ALJ's RFC determination must be supported by competent medical opinion; the ALJ is not free to form his own medical opinion based on the raw medical evidence"). An exception arises "when the medical evidence shows only minor physical impairments". Perkins, 2018 WL 3372694, *3. In those circumstances, "an ALJ permissibly can render a common sense judgment about functional capacity even without a physician's assessment." Id.

The Acting Commissioner contends that in Dougherty-Noteboom, 2018 WL 3866671 (W.D.N.Y. 2018) this Court rejected a similar argument that the ALJ had impermissibly crafted the RFC using her own lay judgment. Acting Commissioner's Brief [21-1], p. 28. However, the issue in Dougherty-Noteboom was slightly different. There, the plaintiff argued that the ALJ's rejection of the consultative examiner's opinion, which was the only medical opinion in the record regarding plaintiff's physical limitations, created a gap in the record that the ALJ could not fill with his lay opinion. 2018 WL 3866671, *8. In resolving that issue, this court "recognize[d] that there is a recent line of unreported cases from the District Courts that supports plaintiff's reasoning in this matter", but found that "the regulations contemplate that the ALJ may form the RFC, at least in part, by making determinations about the 'bare medical findings' independent of an expert medical opinion." Id., *8, 10. That conclusion is difficult to reconcile with Perkins, supra, and other cases that have held that "[a]n ALJ is not

qualified to assess a claimant's RFC on the basis of bare medical findings, and as a result an ALJ's determination of RFC without a medical advisor's assessment is not supported by substantial evidence". Wilson v. Colvin, 2015 WL 1003933, *21 (W.D.N.Y. 2015); Guttierez v. Berryhill, 2018 WL 3802015, *3 (W.D.N.Y. 2018) (same). Nevertheless, it is not necessary for me to resolve that conflict, since the decision in Dougherty-Noteboom turned, in part, on the fact that "each element in the RFC relating to plaintiff's physical limitations corresponds with either plaintiff's subjective complaints or with an expert medical source statement", 2018 WL 3866671, *9, something that is not present here.

The only medical opinion of plaintiff's limitations rendered subsequent to the opinions of Drs. Miller and Biasillo was the 2015 opinion of plaintiff's physical therapist, who found that plaintiff could walk 20 minutes with or without a cane, and stand 10 minutes. Although ALJ Seeley afforded "some weight" to that opinion, she did not assess plaintiff with those limitations, and instead opted for a less restrictive, yet very specific, sit/stand limitation. Without some explanation from ALJ Seeley as to the tether between her RFC and the non-stale medical opinions or statements from plaintiff, the RFC appears to be based upon her lay analysis of plaintiff's limitations, which is not permitted and requires remand. *See* Wheeler v. Berryhill, 2018 WL 1528763, *9 (M.D. Pa.), adopted, 2018 WL 1518572 (M.D. Pa. 2018) ("[i]n determining the RFC, the ALJ imposed 'additional limitations' 'in deference to the claimant . . . . But having in essence rejected many of [the treating physician's] opinions and having implicitly rejected much of [State agency medical consultant's] RFC assessment, the ALJ did not explain the medical basis for her RFC assessment. It appears that she based much of her RFC assessment on her own lay analysis of Mr. Wheeler's medical records, which is not permitted").

### C. Did ALJ Seeley Properly Assess Plaintiff's Credibility?

Plaintiff argues that ALJ Seeley's lay speculation carried over to her credibility determination insofar as no medical source explained the significance of plaintiff's normal gait and strength, the findings she relied upon in assessing plaintiff's credibility. Plaintiff's Memorandum of Law [18-1], p. 14. Since the case is being remanded to reassess plaintiff's RFC and ALJ Seeley found plaintiff's subjective complaints credible only to the extent of the limitations set forth in the RFC, plaintiff's credibility should also be reassessed on remand. *See* Shepard v. Astrue, 2013 WL 3243560, *9 (N.D.N.Y. 2013) (where the case was remanded "for clarification of the RFC determination, and the ALJ had questioned Plaintiff's credibility because her statements were inconsistent with the RFC determination, [p]laintiff's credibility should also be reassessed on remand").

## CONCLUSION

For these reasons, plaintiff's motion for judgment on the pleadings [18] is granted to the extent that this case is remanded to the Acting Commissioner for further proceedings consistent with this Decision and Order but is otherwise denied, and the Acting Commissioner's motion [21] is denied.

**SO ORDERED**.

Dated: November 15, 2018

                                          /s/ Jeremiah J. McCarthy
                                          JEREMIAH J. MCCARTHY
                                          United States Magistrate Judge