UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

LOUISE M. JORDAN,

         Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,[1]

         Defendant.
_____

**DECISION AND ORDER**

1:17-cv-00509-JJM

    Before the court is plaintiff's motion [33][2] for attorneys' fees in the amount of $34,850.00[3] pursuant to 42 U.S.C. §406(b). Defendant filed a response on May 27, 2020 [36], and raised no objections to plaintiff's fee request, but deferred to the court as to the timing of plaintiff's filing and the *de facto* hourly rate represented by the fee request. Defendant's Response [36], pp. 3-4. Plaintiff filed a reply on June 4, 2020 [37]. For the reasons discussed below, the plaintiff's motion is granted.

## BACKGROUND

    Plaintiff, through her attorney Lewis Schwartz, commenced this action on June 7, 2017, arguing that the Commissioner's denial of her claim for benefits was not supported by substantial evidence and was contrary to law. Complaint [1]. The Law Offices of Kenneth Hiller, PLLC filed a Notice of Appearance for plaintiff on May 10, 2018 [14]. On June 22,

---

[1] Andrew M. Saul was sworn in as Commissioner of Social Security on June 17, 2019, and is automatically substituted as the defendant in this action. *See* Fed. R. Civ. P. ("Rule") 25(d).
[2] Bracketed references are to CM/ECF docket entries.
[3] Plaintiff's notice of motion [33] requests fees in the amount of $3,485.00 to Lewis Schwartz, Esq., plus $31,365.00 to Timothy Hiller, Esq.

2018, plaintiff moved for judgment on the pleadings [18]. On November 15, 2018, I granted plaintiff's motion for judgment on the pleadings and remanded the case to the Commissioner for further proceedings consistent with my Decision and Order [23]. On March 15, 2019, I approved [32] the parties' stipulations [29, 30] for attorneys' fees in the amount of $1,009.00 to Mr. Schwartz and $6,000.08 to attorney Timothy Hiller pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412.

On November 27, 2019, an Administrative Law Judge ("ALJ") issued a decision finding plaintiff disabled since October 25, 2012 and approving plaintiff's claim for Social Security Disability ("SSD") benefits. *See* Notice of Decision and Decision [33-6]. The fee arrangement between plaintiff and her attorneys is governed by their Fee Agreements. *See* [33-4, 33-5]. Pursuant to plaintiff's Fee Agreement with Lewis L. Schwartz, PLLC, "the fee will be twenty-five percent (25%) of all back benefits awarded in my case". [33-4]. Pursuant to plaintiff's Fee Agreement with the Law Offices of Kenneth R. Hiller, PLLC, "the attorney fee will be ¼ (25 percent) of the past due benefits resulting from [plaintiff's] claim", which include "the total amount of money to which I and any auxiliary beneficiary (ies) (i.e. family members) become entitled". [33-5].

The Social Security Administration ("SSA") issued a Notice of Award concerning plaintiff's claim for SSD on December 23, 2019. [33-7]. The SSA withheld from the past-due benefits owed to plaintiff potential attorneys' fees in the total amount of $27,868.88. [33-7], p. 3. The SSA issued a second Notice of Award concerning benefits owed to plaintiff's child on April 12, 2020. [33-8]. The SSA withheld from the past-due child's benefits potential attorneys' fees in the total amount of $13,927.00. [33-8], p. 2. The total amount withheld for attorneys' fees totals $41,795.88. Plaintiff's attorneys request an award of attorney fees in the total amount

of $34,850.00.  *See* Memorandum in Support [33-1], pp. 2, 6, 9.  Both Mr. Schwartz and Mr. Hiller agree, upon receipt of payment of the fee, to refund to plaintiff the fees they received pursuant to the EAJA ($1,009.00 to Mr. Schwartz and $6,008.08 to Mr. Hiller).  Notice of Motion [33]; Memorandum in Support [33-1], p. 9.

The Commissioner agrees that this motion was timely filed, "assuming Plaintiff's counsel acted reasonably in waiting to file the instant motion until after receiving the [April 12, 2020] Notice of Award letter".  Defendant's Response [36], p. 3.  Further, the Commissioner defers to the court to determine the reasonableness of the requested fee.  Id., p. 4.  Lastly, the Commissioner recognizes that "there is no evidence of fraud or overreaching."  Id., p. 5.

## ANALYSIS

42 U.S.C. §406(b) limits the fees that attorneys are permitted to charge SSD and SSI claimants:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

42 U.S.C.§406(b)(1)(A).  In reviewing a motion for attorneys' fees pursuant to §406(b), this court reviews both the timeliness of the motion and the reasonableness of the fee.  *See, e.g.*, Barone v. Saul, 2019 WL 3296616, *1 (W.D.N.Y. 2019); Walkowiak v. Commissioner of Social Security, 2019 WL 6242549, *1-2 (W.D.N.Y. 2019); Dillon v. Saul, 2020 WL 360966, *1

(W.D.N.Y. 2020); Plum v. Commissioner of Social Security, 2020 WL 1846785, *2-3 (W.D.N.Y. 2020).  I address each here in turn.

**A.     Did Plaintiff Timely File Her Motion for Fees?**

The Second Circuit settled the question of the timeliness of an application for §406(b) fees in Sinkler v. Berryhill, 932 F.3d 83 (2d Cir. 2019).  There, the Second Circuit found that the fourteen-day limitations period of Rule 54(d)(2)(B) applies to such motions, but is subject to equitable tolling "until a benefits calculation is made on remand and notice thereof received by the parties."  Id. at 89. Accordingly, motions for benefits made within seventeen days (fourteen days under Rule 54(d)(2)(B), plus three days for mailing)[4] of receipt of a Notice of Award  for benefits are timely.

Here, an award of auxiliary benefits to plaintiff's child was contemplated when plaintiff filed for benefits in May of 2013.  *See* Application Summary for Disability Insurance Benefits [9], p. 169-70 ("I have the following child or children under age 18 . . . who may be eligible for social security benefits on this record . . . Jessica C[redacted]").  Under these circumstances, it was reasonable for plaintiff's attorneys to delay making their fee application until they received the April 12, 2020 Notice of Award related to the expected child's benefits. Plaintiff's counsel filed their motion for fees on April 29, 2020 (*see* Notice of Motion [33]), seventeen days after the April 12, 2020 Notice of Award.  Accordingly, plaintiff's counsel timely filed their motion pursuant to Sinkler.

---

[4] *See* Sinkler, 932 F.3d at 89, n. 5 ("[n]othing in this opinion departs from the law's presumption that a party receives communications three days after mailing").

**B.    Is Plaintiff's Fee Request Reasonable?**

Here, the Fee Agreements between plaintiff and her attorneys provides for an attorneys' fee of 25 percent of the past due benefits awarded in her case. Fee Agreements [33-4, 33-5]. The 25 percent fee is within the cap provided by §406(b). Moreover, plaintiff's attorneys are seeking an amount less than the 25 percent of the total benefits that the SSA withheld for payment of fees.

That is not the end of the inquiry, however. Section 406(b) "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases. . . . Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002). To determine the reasonableness of a contingent fee, the Supreme Court identified several factors that a court may consider. First, courts may consider "the character of the representation and the results the representative achieved." Id. Second, a downward adjustment of the requested fee may be appropriate if the attorney was responsible for a delay that resulted in an accumulation of additional benefits during pendency of the case. Id. Third, the court's review of an attorneys' records of time spent on the matter may assist the court to determine whether the requested fee is a windfall to the attorney. Id. In addition, the Second Circuit instructs courts in this circuit to also consider "whether there has been fraud or overreaching in making the agreement". Wells v. Sullivan, 907 F.2d 367, 372 (2d Cir. 1990).

Here, plaintiff received competent and experienced representation. Plaintiff's attorneys of record, Lewis Schwartz and Timothy Hiller, have been practicing law for approximately 24 years and nine years, respectively. Schwartz Affirmation [33-2], p. 1; Hiller Declaration [33-3], p. 1. Mr. Schwartz has focused his career on social security matters for

- 5 -

fourteen years; Mr. Hiller has focused his career on social security matters since 2014. Id.  Mr. Schwartz's and Mr. Hiller's work on this matter yielded awards of past due benefits totaling $167,183.52.  See Memorandum in Support [33-1], p. 8.

Second, a review of the docket demonstrates there was a delay of approximately six months in filing plaintiff's motion for judgment on the pleadings.  See Counsel's motions and requests for extension of the deadline to file dispositive motions from December 19, 2017 through June 22, 2018 [10, 12, 15, 17].  I need not determine the reasonableness of this delay because the fee requested here results in an adjustment greater than any benefit Mr. Schwartz or Mr. Hiller could have realized as the result of any delay.  The total benefits due to plaintiff and her child between December 2017 and June 2018 totaled approximately $12,944.40.[5]  The fee plaintiff's attorneys could have realized from the additional benefits awarded to plaintiff and her child caused by the delay in filing the motion was $3,236.10.[6]  Plaintiff's attorneys requested a fee of $34,850.00, which is $6,945.88 less than the full 25 percent fee to which they are entitled under the Fee Agreements. Accordingly, no downward adjustment is warranted under these circumstances.

Third, compared to the number of hours spent working on this matter, the fee requested by plaintiff's attorney is not a windfall.  Time records submitted with the motion indicate a total of 36.35 hours of attorney time was spent on plaintiff's matter: 5.6 for Mr. Schwartz and 30.75 for Mr. Hiller.  See Defendant's Response [36], p. 4; Reply Memorandum [37], p. 6; and Hiller Declaration [33-3], p. 3.  The total fee requested results in an effective

---

[5]   Plaintiff's monthly benefit from December 2017 through December 2018 was $1,417.40. [33-7], p. 1.  $1,417.40 x 6 = $8,504.40.  Jessica's monthly child's benefit in April of 2020 was $740.00 (and had been adjusted upward several times since December 2013). [33-8], p. 1.  $740.00 x 6 = $4,440.00. $8,504.40 + $4,440.00 = $12,944.40.

[6]   $12,944.40 x 25% = $3,236.10.

hourly rate of $958.73.[7]  Defendant's Response [36], p. 4.  This hourly rate is higher than Mr. Schwartz's and Mr. Hiller's $300 hourly rate charged for non-contingent matters.  Schwartz Affirmation [33-2], p. 2; Hiller Declaration [33-3], p. 3.  However, this does not make the requested fee unreasonable.  "[E]nhancements for the risk of nonpayment are appropriate considerations in determining §406(b) fees. . . . In the absence of a fixed-fee agreement, payment for an attorney in a social security case is inevitably uncertain, and any reasonable fee award must take account of that risk."  Wells, 907 F.2d at 370-71.

          Moreover, after reviewing the fee request and supporting documentation, I find that the requested fee is reasonable based on counsel's experience, the nature of the representation provided, the contingent nature of the fee, and the favorable results achieved.  *See* Gisbrecht, 535 U.S. at 807.  Courts in this district have found similar fees appropriate where, as here, counsel achieved a favorable result after submitting briefs on the merits, and expended a reasonable amount of time in doing so.  *See e.g.* McDonald v. Commissioner of Social Security, 2019 WL 1375084, *3 (W.D.N.Y. 2019) (approving a *de facto* hourly rate of $1,051.64, where "Plaintiff's attorney filed a persuasive brief that led to an award of benefits, and the hours he expended in doing so were appropriate"); Campana v. Saul, 2020 WL 3957960, *2, n. 1 (W.D.N.Y. 2020) ("[w]hile the fee here constitutes an hourly rate of $1,000 . . . very high by Western New York standards - the precedent cited in counsel's fee application and the incentive necessary for counsel to take contingency-fee cases weigh in favor of approving the fee here"); Sims v. Commissioner of Social Security, 2020 WL 812923, *2 (W.D.N.Y. 2020) (approving a *de facto* fee of $980.87, where "counsel developed meritorious, non-boilerplate arguments on the

---

[7]  The effective hourly rate was calculated by dividing the requested fee ($34,850.00) ([33]) by the total number of hours (36.35) documented in plaintiff's fee application ([37], p. 6; [33-3], p. 3).

- 8 -

claimant's behalf"); Salone v. Commissioner of Social Security, 2020 WL 1677374, *2 (W.D.N.Y. 2020) (approving a *de facto* hourly rate of $956.25).

Lastly, as conceded by the Commissioner, there is no evidence of fraud or overreaching.

## CONCLUSION

For these reasons, plaintiff's motion for fees pursuant to 42 U.S.C. §406(b) in the amount of $3,485.00 to Mr. Schwartz and $31,365.00 to Mr. Hiller [33] is granted. The Commissioner is directed to release these funds. In addition, Mr. Schwartz and Mr. Hiller are directed to return to plaintiff the $1,009.00 and $6,000.08 EAJA fees they were respectively awarded within 14 days of their receipt of the §406(b) fee.

**SO ORDERED.**

Dated: September 10, 2020

                 /s/     Jeremiah J. McCarthy
                JEREMIAH J. MCCARTHY
                United States Magistrate Judge